UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KRISTA PECOR
On behalf of herself and a class
of employees and/or former employees
similar situated,

   Plaintiff,

vs.

NORTH POINT EDC, INC.,
d/b/a NORTH POINT EXOTIC DANCE CLUB,
DAVID NICHOLS, and
BILLIE JO RANSOM,

   Defendants.

Case No.: 16-CV-1263

## DECLARATION OF KRISTA PECOR IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

I, Krista Pecor, declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. That I am a former dancer at the North Point EDC, Inc. ("North Point") located in Peshtigo, Wisconsin.

2. I was hired by Barbie Bates on or around spring of 2011 after an on-stage audition and worked as a dancer at North Point until July 2016.

3. It is my understanding Barbie or Bill Jo Ransom hires all of the dancers and runs their schedules.

4. As dancers, our job duties included:

  a. Performing stage dances;

1

b. Enticing patrons to purchase drinks; and

c. Performing individual "lap dances"

5. A typical shift from Sunday to Wednesday would begin at 4:00 p.m. and last until 2:00 a.m. A typical shift from Thursday to Saturday would begin at 4:00 p.m. and last until 2:30 a.m.

6. Upon arrival to my shift, I, as well as all other dancers, would be required to pay a $10.00 "stage fee".

7. Other than regular stage dances, we performed private lap dances and encouraged customers to purchase drinks.

8. As for lap dances, the rate was set by the Club for $20.00 per dance. Customers would pay me $20.00 prior to the dance which I would immediately deliver to a bartender.

9. As for the drinks, the price was also set by the Club. I encouraged patrons to purchase drinks throughout the night.

10. I, like all dancers, were paid out each Saturday of the week. We would be credited for each lap dance performed and drink sold leading up to payday.

11. At the Saturday payout, the club deducted $10.00 from our pay, representing a $10.00 bartender tip. The club also retained $10.00 for each lap dance performed by us. The remaining $10.00 of the lap dance fee is credited to the dancer who performed the dance. In order to actually receive pay, however, we have to meet our lap dance quota which must equal four lap dances per shift worked. If we did not meet their quota, we did not get paid at all.

2

12. The drink pay outs also occurred on each Saturday. I, like all dancers, would get a $1.00 cut of each drink sold as long as the dancer sold an average of 10 drinks per shift. If I did not meet that quota, I would not be paid anything for the drinks I sold.

13. The only funds we had control over would be the tips from the stage dances. Other than the stage tips, the club had complete control over the money and whether or not we would be paid.

14. Our schedules were kept behind the bar. We were required to sign out when our shift ended. Managers or bartenders enforce the rules of the Club. Our pay would be docked if we left our shift early or forgot to sign out at the end of each shift.

15. The Club also controlled what articles of clothing we had to wear or remove. For example, we were required to wear high heels and required to remove tops during dances.

16. Despite all controls over our money and our shifts, the defendants classify all dancers as independent contractors.

17. We do not exhibit the traditional hallmarks to an independently run business such as we do not run or operate our own business entities, have little to no opportunity to realize a profit or loss from our work, and have little or no opportunity to exercise their own business judgment with regard to work.

18. I have never been paid, and I have never heard of anyone being paid, minimum wage or overtime for their work for the defendants. I have heard of dancers not being paid for a weeks' worth of work.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 8 day of March, 2017        /S/Krista Pecor

                                                        Krista Pecor

## Certification of Service

I hereby certify that on March 8, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following: Eric Bernstein, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF parties: none.

/s/ Justin W. Peterson
Justin W. Peterson