UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KRISTA PECOR
On behalf of herself and a class
of employees and/or former employees
similar situated,

      Plaintiff,

vs.

NORTH POINT EDC, INC.,
d/b/a NORTH POINT EXOTIC DANCE CLUB,
DAVID NICHOLS, and
BILLIE JO RANSOM,

      Defendants.

Case No.: 16-CV-1263

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE

### INTRODUCTION

Plaintiff requests Conditional Certification of her FLSA collective action and leave to send judicial notice to putative class members whose statute of limitation continues to run. Plaintiff makes the required "modest" factual showing that she and other class members were victims of a common policy or plan that violated the law because: (1) The defendants unlawfully categorized all of the dancers as "independent contractors"; (2) The dancers shared the same job duties; (3) The defendants employed uniform rules to swindle dancers pay and to control their work; (4) The defendants enforced these rules by levying monetary fines for violations.

Plaintiff also seeks an Order requiring defendants to produce a list within 10 days of the date this Motion is granted of the potential plaintiffs to whom judicial notice will be sent.

1

Authorizing notice to these dancers will provide them an opportunity to join this case before their claims expire as a result of the statute of limitations.

## SUMMARY OF PROCEDURAL HISTORY AND FACTS

### A. Procedural History.

This lawsuit was filed September 21, 2016 by Krista Pecor, a former exotic dancer at the defendants' exotic dance Club, North Point EDC, Inc. ("the Club") located in Peshtigo, Wisconsin.[1] Pecor alleged defendants misclassified her and other dancers as independent contractors and brought claims for failure to pay minimum wage and overtime, unlawful deductions, conversion, and unjust enrichment under both federal and state laws.[2] Two other dancers opted into the lawsuit shortly after it was filed: Priscilla joined the lawsuit on November 3, 2016 and Tyesha joined the lawsuit on December 7, 2016. Plaintiff and opt-ins worked as dancers for defendants during the applicable statutory period.

### B. Plaintiffs and Putative Class Members Share the Same Job Duties.

All dancers share the same responsibilities and job duties. The defendants require dancers to (1) perform stage dances in view of the patrons, (2) encourage patrons to purchase drinks, and (3) perform "lap dances" for individual patrons.

The defendants treat their exotic dancers as "independent contractors" to avoid paying them lawful wages.[3] Despite the dancers' independent contractor status, the defendants exert substantial control by enforcing policies and procedures.[4] The Club controls the dancers' schedules and how they must report and leave each shift.[5] If a dancer forgets to sign in or out, a

---

[1] Dkt 1.
[2] Id.
[3] Pecor Dec., ¶16.
[4] Id.
[5] Id. at ¶14

2

monetary fine is levied against their pay.[6] The Club has policies on what items of clothing the dances must wear and which articles must be removed. Specially, the dancers must remove their tops when performing stage dances and wear high heels during their shifts.[7] Dancers are also required to entice patrons to purchase drinks throughout the night. The Club sets the prices for individual lap dances and drinks.[8] Along with controlling the dancers work, the defendants employ rules to swindle money from the dancers.

At the beginning of each shift, defendants require dancers to pay the Club a $10.00 "stage fee" in order to dance that night.[9] Dancers are then required to perform stage dances and private lap dances throughout the night.[10] Customers pay $20.00 to the dancer who performed the dance.[11] The dancer immediately delivers the $20.00 to the bartender prior to the dance. The bartender retains the money until payout day.[12]

The dancers are paid each Saturday.[13] At the Saturday payout, defendants first deduct $10.00 from each dancers' pay, which represents a $10.00 bartender tip.[14] The defendants also retain $10.00 for each lap dance performed by the individual dancer.[15] The remaining $10.00 of the lap dance fee is credited to the dancer who performed the dance, constituting her payout.[16] In order to actually receive pay, however, the dancers have to meet their lap dance quota which must equal four lap dances per shift worked.[17] If dancers do not meet their quota, the Club will pay

---

[6] Id.
[7] Id.
[8] Id. at ¶8, 9
[9] Id. at ¶6
[10] Id. at ¶4
[11] Id. at ¶8
[12] Id.
[13] Id. at ¶10
[14] Id. at ¶11
[15] Id.
[16] Id.
[17] Id.

3

them nothing for their work week.[18]  Defendants also will pay the dancers $1.00 per drink sold as long as the dancers sold ten drinks per shift.  If the dancers did not meet their quota, the Club would not pay them any money for drinks sold.

Despite their independent contract status, dancers do not own or operate their own business entities.  They do not use their own equipment during performances.  They have little to no opportunity to realize a profit or loss from their work, and they have little or no opportunity to exercise their own business judgment with regard to their work.[19]

**ARGUMENT**

I.     **THIS ACTION SHOULD BE CONDITIONALLY CERTIFIED AND PLAINTIFFS SHOULD BE ALLOWED TO PROVIDE JUDICIAL NOTICE TO ALL SIMILARLY SITUATION DANCERS'.**

    **a. Conditional Certification Standard –** *"a modest factual showing"*

The collective action mechanism in the FLSA provides for "one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other." Shain v. Armour & Co., 40 F. Supp. 488, 490 (W.D. Ky. 1941)

The central question the Court must address in order to consider a conditional certification is whether potential plaintiffs are similarly situated enough so that a collective action becomes an efficient way to resolve legal disputes involving common claims.  Bitner v. Wyndham Vacation Resorts, Inc., 2014 WL 3698850.  While the FLSA does not provide a definition for "similarly situated," federal court have developed a two-step approach. Sjoblom v. Charter Communications, LLC 2007 WL 4560541

---

[18] Id.
[19] Id. at ¶17

In the first step, the plaintiff must show a "reasonable basis" for believing the plaintiffs are similarly situated. Id. The second step occurs at the close of discovery, typically upon a defendant's motion for "decertification", when the court makes a determination of the case should proceed to trial collectively. Id. In determining whether plaintiffs have made this initial showing, courts rely on the complaint and any affidavits submitted. Id. Generally, courts do not need an overwhelming support to grant the motion. Shabazz v. Asuion Ins. Serv. 2008 WL 170318. In fact, in Young v. Cooper Cameron Corp., 229 F.R.D. 50, 55 (S.D.N.Y. 2005) the Court held one affidavit was sufficient when potential opt-ins had same job and were all classified as exempt.

To meet the standard for conditional certification, the plaintiffs need only to make a modest factual showing sufficient to demonstrate that they, and potential plaintiffs together were victims of a common policy or plan that violated the law. Bitner v. Wyndham Vacation Resorts, Inc., 2014 WL 3698850. This standard is fairly lenient; it does not involve adjudicating the merits of claims, nor does it entail the kind of rigorous analysis typical of class certification. under Fed. R. Civ. P. 23. Id.

### b. Plaintiffs Meet the Lenient Standard

The plaintiff seeks to conditionally certify a collective class that includes all those people who have worked as a dancer for the defendants in a three-year period preceding the filing date of the complaint. The Defendants unlawfully classify all dancers as independent contractors. This claim is supported by the attached declaration that shows (1) the dancers shared the same job duties, (2) the defendants employed uniform rules to swindle dancers pay and control their work, and (3) that defendants and bartenders uniformly enforced the rules against the dancers by levying monetary fines against them for violations of the rules. The evidence her exceeds what is necessary to meet the standard.

5

### i. Plaintiffs Share the Same Job Duties

First, the defendants require dancers to perform the same essential job duties, specifically:

1. Stage dancing;

2. Selling drinks; and

3. Performing "lap dances"

### ii. Dancers Subject to Same Rules

Second, the defendants employ rules and regulations all dancers must follow. Dancers' schedules are kept behind the bar and indicate when each dancer is required to perform. The defendants require the dancers to sign in and out of each shift. If a dancer forgets to sign in or out, a monetary fine is levied against their pay. The dancers are required to wear high heels during their shifts. While performing stage or lap dances, the defendant's require the dancers to remove their tops. Lap dances and drink prices are set by the Club. Dancers are provided little or no opportunity to exercise their own business judgment with regards to their work or realize a profit or loss from their work.

### iii. Uniformly Enforce Rules

Third, the defendant's method of making money off the dancers is the same across the board. The Defendants require a $10.00 stage fee that must be paid during the dancers' shift. Dancers are paid on Saturdays. Each dancer is paid based upon the same deductions. First, defendants deduct $10.00 from each dancers' pay, which represents a $10.00 bartender tip. Next, a dancer is credited for $20.00 for each lap performed. Of the $20.00 for each dance, the defendants automatically retains $10.00. The dancers will then be paid their $10.00 portion of each dance as long as they met their lap dance quota which must equal four dances per shift worked. If the dancers did not meet their quota, they did not receive pay for the entire week.

6

Defendants also will pay the dancers $1.00 per drink sold as long as the dancers sold ten drinks per shift. If the dancers did not meet their quota, the Club would not pay them any money for drinks sold.

The plaintiffs and the putative class members share the same experience and fall victim the same unlawful procedures of treating them as employees but not paying them as such, sometimes not paying them at all. The named plaintiffs and the putative class members therefore share the same rights and have the same claims that would be most efficiently adjudicated through a collective action. The plaintiffs satisfy the standard, and the Court should conditionally certify the collective class.

### c. Plaintiffs' Case is Appropriate for Court-Facilitated Notice

In FLSA actions, the Court has a managerial responsibility to oversee the party responsible for joining additional parties, ensuring the task is accomplished in an efficient and proper manner. Hoffman-La Roche 493 US at 170. Court approved notice ensures class members receive timely, accurate, and informative information pertinent to the case so that they can make informed decisions. Id. Further it limits abuse in the class action process. Id.

#### i. Statute of Limitations

Prompt court action is needed because of claims of the potential opt-in are being extinguished or diminished due to the running of the statute of limitations. Redman v. U.S. West Bus. Res., Inc., 153 F.3d 691 The statute of limitations continues to run on each individual claim until they file consent forms with the court. Court facilitate notice will prevent the elimination of these claims.

### ii. Notice is Timely, Accurate and Informative

Attached as Exhibit A is the plaintiffs' proposed notice to the collective. It is accurate and timely, giving the putative class members notice that a lawsuit has been filed. It is informative as it gives them the right to opt-in if they so choose.

### II. **Production of List of Dancers is Necessary to Facilitate Notice**

As discussed above, all dancers were paid for only some of their employment with Defendant over the past three years and they are all similarly situated. Their identification is necessary to provide them notices. Thus, Plaintiffs request that in addition to an order granting conditional certification and approving notice, defendants are ordered to produce a list of dancers that danced at the Club during the past three (3) years within ten (10) days of its Order.

### CONCLUSION

Plaintiffs have made a modest factual showing that they are similarly situated. Plaintiffs respectfully request the Court (1) authorize this case to proceed as a collective action; (2) authorize the issuance of Plaintiffs' proposed notice to be mailed to potential opt-ins employed by Defendant in the past three years; and (3) order defendants produce a list of dancers' that danced at the Club during the past three (3) years within ten (10) days of its Order.

Dated this 8 day of March, 2017.

MOEN SHEEHAN MEYER, LTD.

_____
Justin W. Peterson (SBN 1087366)
Nathan P. Skemp (SBN 1099445)
Attorney for Plaintiff
201 Main Street, Suite 700
La Crosse, WI 54601
(608) 784-8310
jpeterson@msm-law.com

8